## NEAL *against* SHIELDS.

### IN ERROR.

Where there is a plain mistake on the part of the referees, where fraud or imposition has been practised on them by either party, or, where there is corruption or misconduct among themselves, their award is open to re-examination, reduction or total rejection.

A mistake must be established by the proof and facts before the referees, and not by what might possibly have been proved by witnesses not examined.

Where there is a fair and honest trial and a just decision, according to the evidence before referees, the award is final and conclusive on both parties, although in truth injustice may have been done.

ERROR to the Common Pleas of Cumberland county.

The defendant in error, who was plaintiff below, brought an action of debt on an award of referees mutually chosen by the parties, who reported the sum of $687 15, as due to him.

On the trial of the cause, the defendant offered to prove by several witnesses not examined before the referees, (and of whose testimony he knew nothing until after their award,) what was the original contract between *Shields* and himself, and how it was brought about, in order to establish the great injustice of the award. He further offered to show that the plaintiff acknowledged the terms of the contract with the defendant to be different from that presented to the referees, and fixed by them.

This testimony being objected to was overruled by the Court, who in their charge to the jury stated:

"If there was a plain mistake on the part of the referees, or if there was fraud or imposition upon them by the plaintiff, or corruption or misconduct by themselves, either of these would open the award to re-examination and reduction, or total rejection. But you cannot judge of mistake, by what was not before the referees, but might possibly have been proved by witnesses not examined, this must be done from the proof and facts that were before them. If the same arbitrators had had other proof they would probably have decided differently: but you cannot take up the case *anew*, and because you may suppose from other proof, not before the arbitrators, that injustice may have been done, reduce the amount of the award or totally reject it. If there was a fair and honest trial, and a just decision, according to the evidence before the referees, the award is final and conclusive

(Neal *v.* Shields.)

on both parties, although in truth, injustice may have been done.

ERROR assigned.

The Court erred in charging the jury that they were restricted to an examination of the award on the evidence before the referees, and could listen to none other even though injustice had been done.

The cause was argued by *Alexander* for the plaintiff in error.

*Williamson* and *Carothers* contra.

Judgment affirmed.

---

ROBERT R. CHURCH *against* PHILIP FETEROW.

IN ERROR.

A variance in the date, or in the substance of a note offered in evidence, from that set out in the statement, is a fatal objection to such evidence.

When a note is given for the payment of a certain sum of money, within a certain time, to be paid in furniture or other specific articles; until the day of payment, the payor has an election to pay either in money, or in such specific articles; but after the day of payment is past, his right of election is gone, and the payee's right to demand the money is absolute.

In a suit upon such a note, if there has been no tender of the specific articles, a statement under the act of 1806, is sufficient.

An unqualified acknowledgment of a subsisting debt, raises a new promise by legal presumption, and it is the duty of a jury to infer a promise to pay. But if such acknowledgment is accompanied with explanations or words inconsistent with a promise to pay, it is not sufficient upon which to infer a new promise.

ERROR to the Court of Common Pleas of Cumberland county.

This action originated before a justice of the peace, from whose judgment there was an appeal to the Common Pleas, when the following statement was filed:

" This action is founded on a promissory note, or assumption in writing, dated 8th April, 1818, and signed *R. R. Church*, by which the said defendant promised to pay to the said *Philip Fe-*